Taylor, Chief Justice.
 

 In the description of the thing stolen, in an indictment for larceny, so much is certainly essential as will enable the jury to decide whether the chattel proved to have been stolen is the very same with that upon which the indictment is founded, and will give to the Court judicial knowledge that it could have been the subject of the offence charged; to the end, that the defendant may be protected from a subsequent prosecution for the same cause. Upon the first ground, the jury can have no difficulty, from the description in this indictment, to form an opinion whether the bill actually stolen is the same the prisoner is charged with stealing. The other inquiry depends upon the act of the Assembly creating the offence, which makes it felony to steal “ any bank note, check, or order for the payment of money, issued by, or
 
 *619
 
 drawn on, any bank, or other society, or corporation, within this state, or within any of the United States.” (1811,
 
 ch.
 
 814.) If, therefore, it appears on the face of the indictment to be a note of the State Bank, it comes within the very words of the act, and is conformable to approved precedents for a similar offence under the statute upon which this act is framed. For under the statute of
 
 Geo.
 
 2. which makes stealing
 
 ch'oses in action
 
 felony, it has been uniformly held, that an indictment for stealing bank notes is good, if it merely describe them as such without setting them forth. Thus it has been holden sufficient to allege that the defendant “ stole divers, to wit, nine bank notes for the payment of divers sums of money in the whole, amounting to a large sum of money, to wit, the sum of--of lawful money, and of the value of--,” without even stating the value of any individual note. (2
 
 Leach
 
 1103.) A note on the State Bank is as intelligible as a note issued by the bank, and would be understood in common acceptation in the same sense, for it is a familiar mode of speech to say < ‘ a note on or upon a man,” and is understood as a note drawn by a man. Nor was it necessary to allege that it was a note on, or issued by «the president and directors,” for though that is the corporate name of the bank by which alone they can sue or be sued, yet it is called in the act creating it « the State Bank,” and by that name restrictions are imposed upon it.
 
 (Sec.
 
 14.) A difference is taken in the authorities where a corporation is party to a suit, and where it is only referred to in a suit in which it is not a party. In the former case it must be exactly described by its corporate name; in the latter, it is sufficient to describe it in such a manner as to identify the corporation. (1
 
 Kyd on Corp.
 
 227.
 
 Bac. M. Corporation, C.
 
 25.)
 

 A more general description of the note stolen than the one contained in this indictment has been repeatedly held good. The charge was, for stealing from the person of A. “one bank note of the value of ten dollars, of the
 
 *620
 
 goods and chattels of the said A.” Exceptions were taken to this description, which were overruled; the Court 1 holding that a bank note was by necessary implication, a no£e for the payment of money; and that generally a person from whom a note is stolen is incapable of giving a very particular description of it. (1
 
 Mass. R.
 
 336.) In 3
 
 Bos. & Pull.
 
 145. a case is cited by one of the judges in which a man was indicted for stealing a
 
 51.
 
 note, without adding any further description of the note, the person from whom it was stolen not recollecting the tenor of the note; and the point being reserved for the opinions of the judges, they held the indictment sufficient. I am therefore of opinion, that the judgment rendered in this case was erroneous, and must be reversed.
 

 Haul and Henderson, Judges, assenting,
 

 Judgment reversed»